UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6434 CAS (JCGx) | Date | December 18, 2012 |
|---|---|---|---|
| Title | HANNIBAL PICTURES V. LES FILMS DE L'ELYSEE | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers:) ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR AN ORDER CONFIRMING ARBITRATION AWARD**

## I.    INTRODUCTION AND BACKGROUND

On or about November 3, 2009, petitioner Hannibal Inc. dba Hannibal Pictures ("petitioner") and respondent Les Films de l'Elysee ("respondent") entered into the Independent Film and Television Alliance ("IFTA") International Multiple Rights Distribution Agreement ("the agreement").  Pursuant to the arbitration clause in the agreement, petitioner initiated arbitration proceedings against respondent based on respondent's alleged breach of the agreement, and on February 6-8, 2012, this matter was heard by an IFTA arbitrator.  On May 15, 2012, the arbitrator issued an award for petitioner ("the arbitration award").  See dkt. 5 Ex. C.

On July 26, 2012, petitioner filed the instant motion pursuant to 9 U.S.C. § 9 for an order confirming the arbitration award.  No opposition has been filed.  On September 10, 2012, the Court held a hearing on the motion, and on September 27, 2012, the Court requested additional briefing from petitioner to support its request for attorneys' fees incurred in connection with the enforcement of the arbitration award.  After considering petitioner's arguments, the Court finds and concludes as follows.

## II.    DISCUSSION

Petitioner's motion requests that the Court grant three forms of relief: (1) confirmation of the arbitration award, (2) termination of the agreement pursuant to the terms of the arbitration award, and (3) attorneys' fees and costs that it has incurred and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6434 CAS (JCGx) | Date | December 18, 2012 |
|---|---|---|---|
| Title | HANNIBAL PICTURES V. LES FILMS DE L'ELYSEE | | |

will in the future incur in connection with enforcing the arbitration award. The first form of relief should be granted pursuant to 9 U.S.C. § 9, which provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, ... any party to the arbitration may apply to the court ... for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Here, there is no basis for vacating, modifying, or correcting the award. Accordingly, this Court grants the motion to confirm the award for monetary relief in the amount of $100,487, and also confirms the arbitrator's order in paragraph 2 of the award that:

> If Les Films pays Hannibal the total amount awarded herein with 60 days after the date of this Final Award, then Les Films shall have the right and opportunity to distribute the Picture in the Dutch Language in the Dutch territory of Benelux, pursuant to and in accordance with the applicable terms of the Agreement, and Hannibal shall cooperate with Les Films and furnish any and all necessary [and] reasonably requested materials, including but not limited to a second master in English and promotional materials, as provided under the Agreement, to facilitate the distribution of the Picture in the Dutch language in the Dutch territory of Benelux. If, on the other hand, Les Films does not pay the total amount awarded herein within 60 days after the date of this Final Award, then the Agreement shall be deemed terminated and all materials previously delivered to Les Films shall be returned to Hannibal.

Final Arbitration Award ¶¶ 1 – 2, Dkt. No. 1, Ex. C at 62.

Petitioner requests that the Court enter an order terminating the agreement pursuant to paragraph 2 of the arbitration award because respondent has not paid the full amount of monetary relief due to petitioner. In order to grant this form of relief, the Court would have to make a factual finding that payment had not occurred within sixty days of the arbitration award, and then modify the arbitration award based on that factual finding. Nothing in the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., grants the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6434 CAS (JCGx) | Date | December 18, 2012 |
|---|---|---|---|
| Title | HANNIBAL PICTURES V. LES FILMS DE L'ELYSEE | | |

authority to enter such an order. Pursuant to 9 U.S.C. § 9, a court must "confirm" an arbitration award unless there are grounds for modifying it pursuant to 9 U.S.C. §§ 10 – 11. These sections only allow a court hearing a motion to confirm to modify the award on narrow grounds, such as fraud in the procurement of the award, a "miscalculation of figures," or "an evident material mistake in the description of any person, thing, or property referred to in the award." 9 U.S.C. §§ 10 – 11. Nothing allows a court to make new factual findings concerning events that took place after the arbitration and modify the award based on those finding.

 Moreover, petitioner's request that the Court make new factual findings and modify the award accordingly is inconsistent with the nature of the confirmation proceedings authorized by the FAA. A motion to confirm an arbitration award is "intended to be a summary proceeding that merely makes the arbitrators' award a final, enforceable judgment of the court." Menke v. Monchecourt, 17 F.3d 1007, 1009 (7thCir. 1994); see also D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 ("Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court . . ."). In converting an arbitration award into a judgment, the court does have jurisdiction over the underlying claims that would allow it to modify the award in the manner requested.

 For similar reasons, the Court denies petitioner's request for attorneys' fees and costs that it has incurred or will incur in connection with its efforts to enforce the arbitration award. Here, the alleged basis for awarding attorneys' fees is section 14.1.3 of the IFTA Rules, which allows recovery of the "[a]ctual costs of any party incurred in the prosecution or defense of the arbitration including some or all of the party's attorney's fees and costs if the Arbitrator determines it is an appropriate case for such an award." Hamrick Decl. Ex. C at 12. This provision does not authorize the Court to award attorneys' fees, for two reasons. First, as a procedural matter, "there is nothing in the Federal Arbitration Act itself that would authorize a district court to go beyond confirming an arbitrators' award and independently award additional attorneys' fees." Menke, 17 F.3d at 1009. As the Seventh Circuit pointed out in Menke, the FAA does not provide a basis for the Court to consider evidence and make findings regarding attorney's fees, so any such findings would be improper. Id.

 Second, any additional award of attorneys' fees would be improper because the parties agreed to resolve "any dispute" under the agreement in arbitration. IFTA Multiple

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6434 CAS (JCGx) | Date | December 18, 2012 |
|---|---|---|---|
| Title | HANNIBAL PICTURES V. LES FILMS DE L'ELYSEE | | |

Rights Distribution Agreement § V.C.6. Through this agreement, the parties intended to avoid litigating their disputes, and it would contravene that agreement and the FAA for this Court to nonetheless award petitioner attorney's fees. See Schlobohm v. Pepperidge Farm, Inc., 806 F.2d 578, 581 (5th Cir. 1986) ("In such circumstances, where the parties made an agreement intended to avoid court litigation by resolving the entire dispute through arbitration, intervention by the court to award additional relief would be inconsistent with the language and policy of the Federal Arbitration Act."). It would be particularly inappropriate for the Court to award attorney's fees in this case because the agreement gives the arbitrator discretion concerning what amount of attorney's fees should be awarded in a particular case. In fact, the issue of attorney's fees was already presented to the arbitrator, who awarded petitioner $58,200.[1]

### III. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS IN PART and DENIES IN PART petitioner's motion. Petitioner is ordered to enter a proposed judgment that complies with the terms of this order.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1] Petitioner cites Ajida Technologies, Inc. v. Roos Instruments, Inc., 87 Cal. App. 4th 534 (Cal. App. 6th 2001), for the conclusion that a court can award contractual attorney's fees for post-arbitration enforcement proceedings. Ajida Technologies is inapplicable because it was not decided under the FAA, and based its conclusion that a court rather than an arbitrator could award post-arbitration attorneys' fees on California law that does not apply in this case. Id. at 552 n. 11.